# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MARCUS JORDAN,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:24-CV-00043-MTT-MSH |
| **MACON STATE PRISON,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

Plaintiff Marcus Jordan, an inmate presently incarcerated in the Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* pleading that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1), but he did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. On February 27, 2024, Plaintiff was thus ordered to either pay the required filing fee or submit a complete and proper motion for leave to proceed without payment of the filing fee. Plaintiff was also ordered to recast his Complaint on the Court's standard form. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Feb. 27, 2024, ECF No. 5.

The time for compliance has now passed, and Plaintiff has not recast his Complaint, paid the filing fee, or submitted a proper and complete motion for leave to proceed without paying the filing fee. As Plaintiff was previously warned, the failure to fully and timely

comply with the orders and instructions of the Court is grounds for dismissal. As such, Plaintiff is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed.

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 6). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff appears capable of setting forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

2

required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

In sum, Plaintiff's motion for appointed counsel (ECF No. 6) is **DENIED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to respond and show cause why his lawsuit should not be dismissed for his failure to fully and timely comply with the Court's previous orders and instructions. Plaintiff must also fully comply with the Court's February 27th Order within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to continue with this action. **Failure to fully and timely comply with this Order will likely result in the dismissal of this case.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 9th day of April, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE